**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**BEAUFORT DIVISION**

| | | |
|---|---|---|
| MARK T. HORAN, | ) | Civil Action No. 9:26-cv-05075-BHH |
| Plaintiff, | ) | **COMPLAINT** |
| vs. | ) | (JURY TRIAL REQUESTED) |
| WELLS FARGO BANK, N.A., | ) | |
| Defendant. | ) | |

The plaintiff, Mark T. Horan, complaining of the defendant above named, would respectfully show unto this Court:

**PRELIMINARY STATEMENT**

1. In March 2026, someone other than Mark T. Horan took over his Wells Fargo online banking profile and moved $45,688.96 out of his checking and savings accounts. Mr. Horan reported the fraud to Wells Fargo on March 12, 2026.

2. Wells Fargo never provisionally credited his accounts, denied his claim nearly six weeks later, and has refused to return his money. Yet Wells Fargo agreed that a loan opened in Mr. Horan's name during that same week was fraudulent, and it voided the loan.

3. Under the Electronic Fund Transfer Act, 15 U.S.C. § 1693 et seq. ("EFTA"), and Regulation E, 12 C.F.R. Part 1005, Wells Fargo bears the burden of proving that the transfers were authorized. 15 U.S.C. § 1693g(b). It cannot. Mr. Horan seeks his actual damages, trebled, together with statutory damages, attorney's fees, and costs.

## PARTIES

4. Plaintiff Mark T. Horan is a citizen and resident of Beaufort County, South Carolina.

5. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking association that transacts business throughout South Carolina, including through branch offices in Beaufort County.

6. Wells Fargo is a "financial institution" under 15 U.S.C. § 1693a(9) and 12 C.F.R. § 1005.2(i). Mr. Horan is a "consumer" under 15 U.S.C. § 1693a(6) and 12 C.F.R. § 1005.2(e).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because the claims arise under the EFTA. An EFTA action may be brought in any United States district court without regard to the amount in controversy. 15 U.S.C. § 1693m(g).

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2). Wells Fargo maintains branch offices in this district, and a substantial part of the events giving rise to the claims occurred here.

## FACTS

### A. Mr. Horan's Accounts

9. Mr. Horan maintained two consumer deposit accounts with Wells Fargo: a checking account ending in 0290 and a Platinum Savings account ending in 1841 (together, the "Accounts"). He held the Accounts primarily for personal, family, or household purposes.

10. Wells Fargo gave Mr. Horan access to the Accounts through its online and mobile banking platforms. Transfers initiated through those platforms are "electronic fund transfers" under 15 U.S.C. § 1693a(7) and 12 C.F.R. § 1005.3(b).

**B. The Account Takeover**

11. Between on or about March 9 and March 13, 2026, an unknown third party gained access to Mr. Horan's online banking profile and the Accounts. Mr. Horan did not authorize that access. He did not give his credentials, access device, or one-time passcode to anyone, and he did not allow anyone else to use his online banking profile.

12. The intruder used a device that Mr. Horan does not own or use. The access came from an out-of-state internet protocol address, and Wells Fargo's own fraud-detection system flagged it as "New IP / New City."

13. The intruder first moved money from savings into checking: $15,000.00 on March 9, $20,000.00 on March 10, and $1,160.00 on March 11, 2026.

14. The intruder then made electronic fund transfers out of the Accounts totaling $45,688.96 (the "Unauthorized Transfers"). They included hotel charges in Amsterdam, the Netherlands; a retail charge; and an outbound transfer to an account at another financial institution held by a person Mr. Horan does not know.

15. Mr. Horan did not initiate, authorize, or ratify any of the Unauthorized Transfers. He received no goods, services, money, or other benefit from any of them.

16. On or about March 12, 2026, the same intruder applied for and opened a personal loan account ending in 0514-0001 in Mr. Horan's name, without his knowledge or consent.

**C. Mr. Horan Reports the Fraud**

17. On March 12, 2026, Mr. Horan notified Wells Fargo of the Unauthorized Transfers. His notice identified his name and account numbers, explained why he believed an error had occurred, and stated the amount of the error.

18. The notice was timely under 15 U.S.C. § 1693f(a) and 12 C.F.R. § 1005.11(b). Mr. Horan reported the fraud within two business days after learning of it, well within the sixty days the law allows.

**D. Wells Fargo Denies the Claim**

19. Wells Fargo had ten business days after receiving the notice, or until March 26, 2026, to investigate and determine whether an error occurred. 15 U.S.C. § 1693f(a); 12 C.F.R. § 1005.11(c)(1).

20. Wells Fargo could take longer only if it provisionally credited the Accounts for the full amount of the alleged error within those ten business days. 15 U.S.C. § 1693f(c); 12 C.F.R. § 1005.11(c)(2).

21. Wells Fargo did not provisionally credit the Accounts within ten business days or at any time since.

22. On April 21, 2026, more than ten business days after Mr. Horan's notice and without having issued any provisional credit, Wells Fargo denied his fraud claim.

23. The denial rested on the premise that the transfers were made through a "secure online banking session" by Mr. Horan or someone acting with his authority. Wells Fargo's own records show otherwise: an unfamiliar device, an out-of-state internet protocol address, and its own "New IP / New City" alert.

24. On or about April 29, 2026, Wells Fargo determined that Mr. Horan had not authorized the personal loan account. It closed the account, moved to remove the associated credit inquiry, and has since voided the loan.

25. Wells Fargo thus agrees that someone other than Mr. Horan opened a loan in his name during the week of March 9, 2026, yet maintains that Mr. Horan authorized the transfers made during those same days.

26. Wells Fargo has not returned the $45,688.96.

**FOR A FIRST CAUSE OF ACTION**

**Failure to Investigate and Correct Error**

**15 U.S.C. § 1693f; 12 C.F.R. § 1005.11**

27. The plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

28. Each Unauthorized Transfer was an “unauthorized electronic fund transfer” under 15 U.S.C. § 1693a(12) and 12 C.F.R. § 1005.2(m). Each was initiated by someone other than Mr. Horan, without actual authority, and Mr. Horan received no benefit from it.

29. Mr. Horan gave Wells Fargo timely and sufficient notice of error under 15 U.S.C. § 1693f(a) and 12 C.F.R. § 1005.11(b).

30. Wells Fargo violated 15 U.S.C. § 1693f(a) and (b) and 12 C.F.R. § 1005.11(c) by failing to conduct a good-faith, reasonable investigation, failing to determine that an error occurred, and failing to correct the error.

31. As a direct and proximate result, Mr. Horan has suffered actual damages, including the loss of $45,688.96 and related fees, interest, and charges.

**FOR A SECOND CAUSE OF ACTION**

**Failure to Limit Consumer Liability**

**15 U.S.C. § 1693g; 12 C.F.R. § 1005.6**

32. The plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

33. Because Mr. Horan reported the Unauthorized Transfers within two business days after learning of them, his liability, if any, is limited to $50.00. 15 U.S.C. § 1693g(a); 12 C.F.R. § 1005.6(b)(1).

34. Wells Fargo bears the burden of proving that the transfers were authorized or, if not, that the conditions for imposing any liability on Mr. Horan were met. 15 U.S.C. § 1693g(b). It cannot carry that burden.

35. Wells Fargo violated 15 U.S.C. § 1693g(a) and 12 C.F.R. § 1005.6 by holding Mr. Horan responsible for the full $45,688.96 and refusing to restore it.

36. As a direct and proximate result, Mr. Horan has suffered actual damages, including the loss of $45,688.96 and related fees, interest, and charges.

**FOR A THIRD CAUSE OF ACTION**

**Failure to Provisionally Credit; Treble Damages**

**15 U.S.C. § 1693f(c), (e); 12 C.F.R. § 1005.11(c)(2)**

37. The plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

38. Wells Fargo did not complete its investigation within ten business days, and it did not provisionally credit the Accounts within that period or at any time since, in violation of 15 U.S.C. § 1693f(c) and 12 C.F.R. § 1005.11(c)(2).

39. Wells Fargo did not make a good-faith investigation of the error and had no reasonable basis for believing the Accounts were not in error. Its own system had flagged the access as "New IP / New City," and it later found that the loan opened in Mr. Horan's name during the same days was unauthorized. 15 U.S.C. § 1693f(e)(1).

40. In addition, Wells Fargo knowingly and willfully concluded that the Accounts were not in error when that conclusion could not reasonably have been drawn from the evidence available to it. 15 U.S.C. § 1693f(e)(2).

41. Mr. Horan is therefore entitled to treble damages under 15 U.S.C. § 1693f(e), in addition to the other relief available under 15 U.S.C. § 1693m.

42. As a direct and proximate result, Mr. Horan has suffered actual damages of not less than $45,688.96, together with related fees, interest, and charges.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff respectfully requests that this Court enter judgment in his favor and against Wells Fargo as follows:

(a) for actual damages of not less than $45,688.96, together with related fees, interest, and charges, under 15 U.S.C. § 1693m(a)(1);

(b) for treble damages under 15 U.S.C. § 1693f(e);

(c) for statutory damages under 15 U.S.C. § 1693m(a)(2)(A);

(d) for costs and a reasonable attorney's fee under 15 U.S.C. § 1693m(a)(3);

(e) for prejudgment and postjudgment interest as allowed by law; and

(f) for such other and further relief as this Court deems just and proper.

**JURY DEMAND**

The plaintiff demands a trial by jury on all issues so triable. Fed. R. Civ. P. 38(b).

Respectfully submitted,

DAVE MAXFIELD, ATTORNEY, LLC

s/ David A. Maxfield
________________________________

Dave Maxfield, Esq., Fed. ID No. 6293
P.O. Box 11865
Columbia, SC 29211
(803) 509-6800
(855) 299-1656 (fax)
dave@consumerlawsc.com
*ATTORNEY FOR PLAINTIFF*

DATED: October 19, 2026